## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-00486-JVS(KESx) | Date | June 13, 2023 |

| | |
|---|---|
| Title | Brittney Sanders et al. v. Kia America Inc., et al. |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion for Remand [12]**

Plaintiffs Brittney Sanders et al. (collectively "Plaintiffs") move to remand this matter to the Superior Court of the State of California, County of Orange and for an award of reasonable attorney's fees. (Motion ("Mot."), Dkt. No. 12.) Defendants Kia America, Inc. ("Kia") and Hyundai Motor America ("Hyundai") (collectively, "Defendants") opposed. (Opposition ("Opp'n"), In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, & Prods. Liab. Litig., No. 22-3052 (C.D. Cal. Dec. 22, 2022) Dkt. No. 110.) Plaintiffs replied. (Dkt. No. 14.)

The parties appeared for oral argument on June 12, 2023. This Order reflects the Court's final order on the instant motion.

For the following reasons, the Court **DENIES** the motion.

### I. BACKGROUND

Plaintiffs are 113 California residents who purchased vehicles from Kia between 2011–2021 and from Hyundai between 2015–2021 that were stolen because they lack engine immobilizer technology. (Notice of Removal, Ex. A ("Sanders Compl.") ¶¶ Dkt. No. 1-1; Mot. 3.)

Five months before Plaintiffs filed this lawsuit, Plaintiffs' counsel filed a nearly identical action in the Central District of California: McQuarrie v. Kia America, Inc., No. 8:22-cv-01721 (C.D. Cal. Sept. 21, 2022) (the "McQuarrie Action"). (Notice of Removal, Ex. C ("McQuarrie Compl."), Dkt. No. 1-3.) The McQaurrie Action was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | Date | June 13, 2023 |
|---|---|---|---|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. |
|---|---|

putative class action seeking to represent California residents who sought to represent a nationwide class of purchasers and lessees of Kia and Hyundai vehicles. (McQuarrie Compl. ¶ 6.)

A multidistrict litigation (the "MDL") was created to centralize all litigation for suits by consumers who purchased or leased Kia and Hyundai vehicles that lack engine immobilizer technology. In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, & Prods. Liab. Litig., No. 22-3052 (C.D. Cal. Dec. 22, 2022). An overwhelming majority of the actions in the MDL are putative consumer class actions. The McQuarrie Action was consolidated in the MDL prior to Plaintiffs' lawsuit. (In re: Kia Hyundai, No. 22-3052, Dkt. No. 6.)

After the cases were consolidated in the MDL, Plaintiffs then filed this "mass tort action" on February 6, 2023, in Orange County Superior Court. (See generally Sanders Compl.) They assert five grounds for relief: (1) violations of the Consumer Legal Remedies Act ("CLRA"); (2) strict liability based on design defect; (3) gross negligence; (4) gross negligence – failure to recall; and (5) breach of implied warranty of merchantability. (Id. ¶¶ 137–201.)

Then, a consolidated complaint ("Consolidated Complaint") in the MDL was filed on behalf of purchasers or lessees of Kia and Hyundai in thirty states— including California. (Consolidated Complaint ¶¶ 37–1206, 1536–4816.) The eighty-five named plaintiffs seek to represent a nationwide class as well as subclasses of consumers from all fifty states. (Id. ¶¶ 1524–25, 1527.) The Consolidated Complaint includes seven causes of actions brought under California law: (1) breach of implied warranty of merchantability; (2) violations of the California Song-Beverly Consumer Warranty Act; (3) false advertising; (4) violation of the California Consumer Legal Remedies Act ("CLRA"); (5) violation of the California Unfair Competition Law; (6) fraud; and (7) unjust enrichment. (Id. ¶¶ 1536–1658)

On March 17, 2023, Defendants removed this action under the Class Action Fairness Act on the basis that it is a consumer class action, arguing that Plaintiffs and their claims are entirely subsumed within the McQuarrie Action. (Notice of Removal.) Plaintiffs now seek to remand this action to state court on the grounds that this Court does not have subject matter jurisdiction under the CAFA because Defendants have failed to establish (1) diversity and (2) the requisite amount in controversy. (Mot. 5–12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:23-cv-00486-JVS(KESx)                         Date    June 13, 2023

Title    Brittney Sanders et al. v. Kia America Inc., et al.

## II. LEGAL STANDARD

A defendant may seek removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  A notice of removal must contain a "short and plain statement of the grounds for removal."  Id.

There is "no antiremoval presumption" in cases invoked under the Class Action Fairness Act of 2005, which should be interpreted "broadly in favor of removal."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014); Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 993 (9th Cir. 2022); Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015).  Nevertheless, the burden of establishing removal remains with defendant.  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1199 (9th Cir. 2015).  A case becomes "removable" when "the CAFA ground for removal is disclosed."  Jordan, 781 F.3d at 1184.  Once CAFA jurisdiction has been established, the burden shifts to the party moving for remand to show that an exception to CAFA jurisdiction applies.  Adams v. W. Marine Prods., 958 F.3d 1216, 1221 (9th Cir. 2020).

## III. DISCUSSION

Plaintiffs argue they may avoid removal by pleading their complaint as a "mass action" that is otherwise *identical* to an existing putative class action in a multidistrict litigation.  Not so.

The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), was enacted "to strongly favor the exercise of federal diversity jurisdiction over class actions with *inter*state ramifications."  Adams, 958 F.3d at 1220 (emphasis in original). Congress, concerned with curbing "perceived abuses of the class action device" to litigate multi-state or national class actions in state court, expanded access to federal courts for class actions.  Wash. State v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011) (internal quotations omitted).  Congress's emphasis on the "fair and efficient resolution" of common claims suggested that the CAFA was intended to be interpreted "expansively" to strongly favor the exercise of federal jurisdiction.  Arias v. Residence Inn, 936 F.3d 920, 924 (9th Cir. 2019); S. Rep. No. 109–14, at 38 (2005), 2005 U.S.C.C.A.N. 3, 37 (Conf. Rep.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:23-cv-00486-JVS(KESx)                    Date    June 13, 2023

Title    Brittney Sanders et al. v. Kia America Inc., et al.

A civil action that satisfies the requirements of the CAFA "does not mean that it must be filed in federal court"; it "may also be filed in state courts, which enjoy concurrent jurisdiction over such actions." Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1226–27 (9th Cir. 2019). Plaintiffs, as "masters of their complaint," may choose a state court over a federal court by limiting their claims through their well-pleaded complaint. See Tanoh v. Dow Chemical Co., 561 F.3d 945, 953, 955 (9th Cir. 2009) (limiting the number of plaintiffs below 100). But see Freeman v. Blue Ridge Paper Prods., Inc., 551 F.3d 405, 406–07 (6th Cir. 2008) (rejecting plaintiffs' arbitrary splintering of class actions into separate suits based on time periods to keep the amount in controversy below $5 million as improper). But a defendant is entitled to remove such cases if they meet the CAFA's jurisdictional requirements. Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019).

Under the CAFA, federal courts have original jurisdiction over any class action with (1) at least 100 class members, (2) where the parties are minimally diverse, and (3) an amount in controversy that exceeds $5 million, aggregating individual class members claims exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5). A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." § 1332(d)(1)(B).

CAFA also extends federal jurisdiction over "mass actions." The mass action provision authorizes removal if the civil action involves: (1) "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact"; (2) minimal diversity; (3) an aggregate amount in controversy of $5 million or more; and (4) individual claims that exceed $75,000. § 1332(d)(11)(A), (B)(I); Miss. ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 164 (2014); Corber v. Xanodyne Pharms., Inc., 771 F.3d 1218, 1222–23 (9th Cir. 2014). A mass action cannot be transferred to a multidistrict litigation unless a majority of plaintiffs have requested transfer. § 1332(d)(11)(C)(1). Because Congress's "overriding concern" was with class actions, the "fairly narrow" mass action provision "functions largely as a backstop to ensure that CAFA's relaxed jurisdictional rules for class actions cannot be evaded by a suit that names a host of plaintiffs rather than using the class device." AU Optronics Corp., 571 U.S. at 174; Corber, 771 F.3d at 1222.

Here, neither party disputes that numerosity requirement is met. Only the diversity and amount-in-controversy requirements are at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-00486-JVS(KESx)                    Date   June 13, 2023

Title   Brittney Sanders et al. v. Kia America Inc., et al.

### A.   *Minimal Diversity*

Contrary to Plaintiffs' arguments, CAFA requires only "minimal diversity" in mass actions and class actions.  AU Optronics, 571 U.S. at 165; Ehrman, 932 F.3d at 1226. Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a state different from that of any defendant."  28 U.S.C. § 1332(d)(2)(A).

### 1.   Whether Plaintiffs Are "Citizens" of California

Neither party has addressed whether Plaintiffs' allegations that they are only residents of California are sufficient to establish minimal diversity.  As the Ninth Circuit has repeatedly stated, "residency is not equivalent to citizenship."  Ehrman, 932 F.3d at 1227.  Citizenship is established by "a person's domicile," which is "her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A "person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id. (citations omitted).

Here, the Complaint states that each plaintiff is only a resident, not a citizen, of California.  (Sanders Compl. ¶¶ 7– 122.)  Defendants acknowledge that Plaintiffs are residents but do not contest citizenship.  (See Notice of Removal 7.)  Instead, they argue that Plaintiffs are subsumed in the putative class action in McQuarrie.  (Id.)  Because Defendants have not contested citizenship, the Court does not find that submission of extrinsic evidence is necessary to establish that at least one plaintiff is a California citizen to find minimal diversity.

### 2.   Whether Minimal Diversity Exists Over the Action Because the MDL California Class Subsumes the Named Plaintiffs

The issue is whether the Court may include the class action plaintiffs in the MDL, who are undisputedly non-California citizens, to find minimal diversity in this "mass action," since Defendants are undisputedly Californian citizens.[1]

---

[1]  A corporation is deemed to be a citizen both of the state where it is incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).  Both Kia and Hyundai have their principal place of business in California.  (Compl. ¶¶ 123–24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | | Date | June 13, 2023 |
|---|---|---|---|---|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. | |
|---|---|---|

Simon v. Marriott International, Inc., No. 19-2879, 2019 WL 4573415 (D. Md. Sept. 20, 2019) ("Marriott") answered a nearly identical question. The Court is satisfied that the substantial similarities between Marriott and this case make Marriott instructive. Marriott examined whether class action plaintiffs could pursue a state action consisting of claims that were already included in an existing multidistrict litigation. 2019 WL 4573415, at *3. Policy considerations underlying both the CAFA and multidistrict litigation warranted "looked beyond the pleadings." Id. at *4. In doing so, the court found that the plaintiffs' claims were "wholly included" in two suits that were subsumed in an existing multidistrict litigation. Id. The plaintiffs were "attempting to represent class members already before the court in those actions." Id. While plaintiffs have a right to choose their forum of choice, they could not force litigation on the same claims in both state and federal court by divesting federal court of jurisdiction it had already acquired. Id. Allowing parallel suits to go forward would have defeated the purpose of the CAFA and "disrupt the orderly progress" of the multidistrict litigation. Id. Thus, because the district court already had federal jurisdiction over the class actions claims that "subsume[d]" the plaintiffs' claims, the minimal diversity requirement had been met. Id.

Here, Plaintiffs' claims are brought on behalf of a subset of the individuals whose interests are already being adjudicated in the MDL Action: the McQuarrie California member class. (Compare Sanders Compl. ¶¶ 7–122, with McQuarrie Compl. ¶¶ 20–36, 41.) Each named plaintiff falls squarely within the California member class in McQuarrie:

> all individuals and entities in California that purchased or leased a 2011-21 Kia vehicle or 2015-21 Hyundai vehicle equipped with traditional key ignition starter systems but which lack an engine immobilizer. California residents who purchased or leased 2011-21 Kia vehicles or 2015-21 Hyundai vehicles equipped with traditional key ignition systems.

(McQuarrie Compl. ¶ 41.) Nor do Plaintiffs dispute this. (See generally Mot.)

And importantly, with the exception of the claim of gross negligence, the claims in both actions entirely overlap. In fact, the only difference is that McQuarrie was pled as a class action while this action was pled as a "mass tort action." That the complaints are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | Date | June 13, 2023 |
|---|---|---|---|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. |
|---|---|

otherwise identical is unsurprising, since the same counsel drafted both complaints. Without any explanation, Plaintiffs argue only that their damages are "separate and distinct." (Mot. 8.) But there are no allegations how these named plaintiffs suffered individual and "distinct" harms as a result of the same claims that are being pursued in the MDL.

Plaintiffs, having pled this as a "mass action," seek to preclude the Court from looking beyond the pleadings to determine whether minimal diversity exists. Whereas "class members" includes unnamed class members, 28 U.S.C. § 1332(d)(1)(D), whether a court may look beyond the named plaintiffs in a "mass action" for the purposes of satisfying minimal diversity has not been addressed. But the Court concludes that reaching beyond the pleadings is appropriate.

Generally, courts may not look beyond the pleadings to find federal jurisdiction if doing so contravenes the plain text of the CAFA. In <u>AU Optronics</u>, the Supreme Court looked "only at the labels" in the complaint and rejected looking to unnamed plaintiffs when determining whether numerosity had been met. 571 U.S. at 174. The plain text of the mass action provision foreclosed the application of "background principle." <u>Id.</u> at 169 (interpreting "100 or more persons" as actual *named* plaintiffs). The "background principle," in which courts look "behind the pleadings" toward "the substance of the action and not only at the labels that the parties may attach," is applied in certain contexts to ensure the parties are not improperly destroying or creating federal jurisdiction. <u>Id.</u> at 174. But in <u>Canela v. Costco Wholesale Corp.</u>, 971 F.3d 845, 854 (9th Cir. 2020), the Ninth Circuit looked beyond the complaint and evaluated the "substance" of the causes of action to determine whether the action could be a removable "class action." It held that an action under California's Private Attorneys General Act of 2004 (PAGA), while labeled as a "representative action," could not be "transformed" into a "class action" under the CAFA. <u>Id.</u> at 852–53. Because "essential attributes of a class action" had "no place" in a PAGA suit, the suit could not have been brought as a class action. <u>Id.</u> at 856.

Here, the Court finds that looking beyond the "formal labels and allegations in [the] complaint" is warranted, especially given that an identical suit was brought and labeled as a "class action" (by Plaintiffs' counsel) in <u>McQuarrie</u>. <u>Id.</u> at 855; <u>see also</u> <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | Date | June 13, 2023 |
|---|---|---|---|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. |
|---|---|

divested by subsequent events.").  Therefore, the Court's consideration of the class action plaintiffs in the MDL is proper, despite the label of "mass action."

The cases on which Plaintiffs rely are inapposite.  <u>Tanoh</u>, 561 F.3d at 952, merely held that plaintiffs can limit their case by choosing less than 100 claimants to intentionally avoid federal jurisdiction under CAFA.  Seven individual state court actions—each with less than 100 plaintiffs—could not be treated as one "mass action" because each suit involved "seven *different* groups of plaintiffs."  <u>Id.</u> at 954 (emphasis in original).  For this reason, <u>Tanoh</u> was unlike <u>Freeman</u>, 554 F.3d at 407, which involved the arbitrary splintering of suits, each below th $5 million threshold, for "no colorable reason . . . other than to avoid federal jurisdiction."  Here, there is no question that numerosity has been met, so <u>Tanoh</u> is inapplicable.  But critically, in <u>Tanoh</u>, it was not the case that there were "competing claims to represent the *same class of plaintiffs* . . . [with] *overlapping or identical claims*." (emphasis added).

This is exactly what is presented here.  The <u>McQuarrie</u> California member class is defined as "all individuals and entities in California that purchased or leased a 2011–21 Kia vehicle or 2015–21 Hyundai vehicle equipped with traditional key ignition starter systems but which lack an engine immobilizer.  (McQuarrie Compl. ¶ 41.)  So to are the named plaintiffs in this action:  California purchasers or lessees of 2011–2021 Kia vehicles or 2015–2021 Hyundai vehicles that lack engine immobilizers. (Sanders Compl. ¶¶ 7–122.)  And as discussed <u>infra</u>, their claims entirely overlap.

The other cases cited by Plaintiffs do not counsel a contrary conclusion. (<u>See</u> Mot. 6–11.)  Each involved issues of numerosity that have been already resolved by the Supreme Court in <u>AU Optronics</u>, 571 U.S. 161.  In <u>Hampton v. Monsanto Co.</u>, No. 4:11-CV-1662, 2011 WL 5307835 (E.D. Mo. Nov. 3, 2011), defendants could not credibly argue that a state action of only three plaintiffs was a removable "mass action." In <u>Brown v. MHN Gov't Servs.</u>, No. 12-5513, 2012 WL 3834963 (W.D. WA Sept. 4, 2012), the court concluded, without further analysis, that the state action involved less than $5 million and involved only state claims could not be removed.  In <u>Duenas v. Dole Food Co.</u>, No. 9-215, 2009 U.S. Dist. LEXIS 24770, at *13 (C.D. Cal. Mar. 9, 2009),  the action was not considered a "mass action" under the CAFA since "each of [the] actions" were brought by less than 100 plaintiffs.  Despite the total number of claimants of 2,485, the action was splintered into several cases such that each case had less than 100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | | Date | June 13, 2023 |
|---|---|---|---|---|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. |
|---|---|

plaintiffs.  Id. at *14.  Here, no such "splintering" of claims to defeat the numerosity requirement is at issue.

To be sure, Plaintiffs are entitled to choose a state forum for their action by limiting the number of plaintiffs or the amount of recovery they seek.  But here, where there is actually no difference between this action and the existing claims that are being pursued in a multidistrict litigation—other than the label of "mass action"—this is exactly the type of case that CAFA envisioned as removable.

   *B.     Amount in Controversy*

In a class action, the CAFA claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6); see also Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1062 (9th Cir. 2015).  In a mass action, unlike a class action, federal jurisdiction "shall exist only over those plaintiffs" whose claims "individually satisfy the $75,000 amount in controversy requirement."  AU Optronics, 571 U.S. at 166 (citing 28 U.S.C. § 1332(d)(11)(B)(I)).

When a defendant removes an action under the CAFA, the notice of removal need only contain "plausible allegations" of the jurisdictional elements.  Dart Cherokee, 574 U.S. at 88.  If the amount in controversy is silent, unclear, or ambiguous from the face of the complaint, then defendants must prove by preponderance of evidence that the amount in controversy requirement has been satisfied.  Canela, 971 F.3d 849; Jauregui v. Roadrunner Transportation Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022); Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).  Defendants "must be able to rely on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million, as long as the reasoning and underlying assumptions are reasonable."  Jauregui, 28 F.4th at 993 (internal quotations omitted).

Here, Plaintiffs have not specified an amount in controversy in the Complaint, but in their notice of removal, Defendants assert that the Court may look to the amount in controversy in McQuarrie to aggregate the claims in this action to reach the $5 million threshold, citing In re Kitec Plumbing Sys. Prod. Liab. Litig., No. 09-MD-2098, 2010 WL 11618052, at *6 (N.D. Tex. Aug. 23, 2010). (Notice of Removal 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | Date | June 13, 2023 |
|---|---|---|---|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. |
|---|---|

The Court agrees that In re Kitec Plumbing, 2010 WL 11618052, is instructive. The issue confronted in In re Kitec Plumbing was whether the plaintiffs "may avoid CAFA's original federal jurisdiction after the filing of [a previous] class action, which undisputedly captures the individual class members" of two class actions filed thereafter. Id. at *6. Individually, each of the two class actions did not meet the $5 million threshold. Id. at *5. But the court aggregated the amount in controversy between two class actions and previously filed class action that had been consolidated into an existing MDL. Id. at *6. In doing so, the court "looked beyond the four corners" of the complaints. Id. Because the federal jurisdiction already existed over the first action, which sought to represent all like individuals, the amount in controversy could be aggregated between the first action and either of the two class actions. Id.

For similar reasons discussed infra, the Court finds it appropriate to aggregate the claims of members in McQuarrie and this action. The McQuarrie Complaint includes allegations that "tens of thousands" of class members "throughout the United States" have suffered damages, measured as the difference in value in a defected vehicle and a vehicle without defects, cost of repair, replacement costs of stolen vehicles, price of security devices to prevent theft, and increases in insurance premiums. (McQuarrie Compl. ¶¶ 44, 48, 190.) Defendants have alleged that it is reasonably possible that there is at least $5 million in controversy because there are tens of thousands of putative class vehicles and class members and because attorneys' fees in consumer class actions can be significant. (Notice of Removal 10–11.) The allegations that "millions of dollars" are at stake, given the "tens of thousands" class members and vehicles and significant attorneys' fees, are plausible. See Salter v. Quality Carriers, Inc., 974 F.3d 959, 965 (9th Cir. 2020) ("[T]he inherent nature of plausible allegations . . . [is that] they rely on reasonable assumptions." (internal quotations omitted)). This leads to the reasonable conclusion that the claims likely exceed $5 million.

Plaintiffs do not challenge the truth of these allegations; rather, they attack the allegations as facially deficient, so consideration of summary-judgment–like evidence is unnecessary. See Harris v. KM Indus., Inc., 980 F.3d 694, 696 (9th Cir. 2020) (holding if a plaintiff makes a factual attack, then courts can consider summary-judgment-type evidence, such as affidavits or declarations, in addition to the allegations of the complaint and notice of removal); Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1069 (9th Cir. 2021). Additionally, Plaintiffs conceded at oral argument that the Court need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00486-JVS(KESx) | Date | June 13, 2023 |
|----------|-------------------------|------|---------------|

| Title | Brittney Sanders et al. v. Kia America Inc., et al. |
|-------|------------------------------------------------------|

not accept the legal conclusion that this is a mass action.  Thus, the $75,000 individual amount in controversy requirement does not apply here.

In sum, the Court finds that this action is removable as a de facto class action.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**